UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOCELYN SILVANO, an individual, <br><br>　　　　Plaintiff(s), <br><br>vs. <br><br>CIRCA HOSPITALITY GROUP III LLC, a Nevada limited liability company, dba CIRCA RESORT & CASINO, <br><br>　　　　Defendant(s). | Case No. 2-24-cv-01712-RFB-MDC <br><br> **ORDER GRANTING THE MOTION TO AMEND** |

Pending before the Court is plaintiff Jocelyn Silvano's *Motion to Amend* (ECF No. 16) ("Motion"). The Court has reviewed the filings and related briefings. For the reasons stated below, the Court **GRANTS** the Motion.

## DISCUSSION

### I.  BACKGROUND

This is an action arising from plaintiff's allegations that she experienced disability discrimination and retaliation during her employment with defendant Circa Hospitality Group III, PLLC dba Circa Resort & Casino. Plaintiff additionally claims that defendant violated her rights under the Family Medical Leave Act ("FMLA"). Plaintiff moves to amend her Complaint to include a request for liquidated damages, a claim of FMLA interference, and allegations to support the claim. *ECF No. 16.*

### II.  MOTION TO AMEND

####   A.  Legal Standard

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when

justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

    **B. Analysis**

        **a. Bad Faith And Dilatory Motive**

    The first factor courts consider is bad faith and/or dilatory motive. "[B]ad faith is not simply bad judgment or negligence, but rather implies the conscious doing of a wrong because of dishonest purpose or moral obliquity…it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'Ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (internal citations omitted). In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006); *see Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash.

2015) (internal citations omitted). "[B]ad faith or dilatory motive may be demonstrated by actions demonstrating gamesmanship…but when a plaintiff can provide a satisfactory explanation for its delay, and there is no evidence in the record that would indicate wrongful motive, there is no cause to uphold the denial of a leave to amend on the basis of bad faith or undue delay." *Ernest Bock, LLC v. Steelman*, 2021 U.S. Dist. LEXIS 75614, at *14 (D. Nev. April 20, 2021) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)) (internal quotations omitted).

Defendant argues that plaintiff's amendment is in bad faith because plaintiff knew the facts underlying her proposed amendment since the inception of the action but withheld moving to amend prior to the Early Neutral Evaluation ("ENE") for "gamesmanship." *ECF No. 18.*

Plaintiff replies that she did not learn of the specific facts supporting her amendment - which are distinctively different from the facts she understood at the time she filed her complaint on September 13, 2024 (ECF No. 1) - until she received defendant's initial disclosures on January 23, 2025. *ECF No. 20.* Plaintiff further argues that she provided a copy of her proposed amended complaint to defendant eleven days before ENE to inquire whether defendant would stipulate to the proposed amendment. *ECF No. 20*. Finally, plaintiff notes that her Motion and proposed amended complaint were filed and served on February 25, 2025, which was one week prior to the March 4, 2025, ENE. *Id.* After receiving plaintiff's proposed amendment, defendant did not request to move the ENE.

Defendant's bad faith and gamesmanship arguments are largely conclusory and further weakened by the chronology of events that show the proposed amendment was provided a reasonable amount of time before the ENE. The Court is therefore persuaded that plaintiff's proposed amendment is not in bad faith. More importantly, plaintiff has provided a satisfactory explanation to support amendment. *See Ernest Bock, LLC*, 2021 U.S. Dist. LEXIS 75614, at *14.

//

//

      b. **Undue Delay**

The second factor courts consider is undue delay. In evaluating whether a Motion to Amend is timely, courts consider (1) whether the amendment was sought before the amended pleadings deadline in a scheduling order **and** (2) "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal citations omitted).   The Court finds no undue delay.

Here, the parties agreed that they could have until February 26, 2025, to amend the pleadings. *ECF No. 10.*   Plaintiff's Motion was timely filed on February 25, 2025.  *ECF No. 16.*  Further, plaintiff has provided a satisfactory explanation that she did not learn of the facts raised by her proposed amendment until after defendant's made their initial disclosures on January 23, 2025.   Therefore, this factor weighs in favor of amendment.

      c. **Prejudice To The Opposing Party**

The third factor courts consider prejudice to the opposing party. "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971)). "The party opposing amendment bears the burden of showing prejudice." *Eminence Capital*, 316 F.3d at 1052.  Defendant's claim prejudice because the timing of the amendment has prevented them from investigating plaintiff's new factual claims and theories. *ECF No. 18.*   Plaintiff argues that defendant would not be prejudiced because, at the time of her motion, there were three months of discovery remaining (ECF No. 16 at 3) and the parties later discussed an extension (ECF No. 20 at 5). Defendant does not elaborate on its objection or show any specific prejudice but instead relies conclusory argument that plaintiff does not "get to dictate what amount of time is adequate for Circa to prepare its defense." *ECF No. 18 at 4.*  Moreover, the parties did agree to extend discovery after defendant filed her opposition.  *ECF No. 23.*

4

Therefore, the defendant has not met its burden of establishing prejudice and this factor weighs in favor of amendment. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

The remining factors were not raised by defendant in opposing amendment and therefore, favor amendment.

### III.  CONCLUSION

For the foregoing reasons, the Court finds good cause to allow plaintiff leave to amend her complaint and therefore, **GRANTS** plaintiff's Motion (ECF No. 16).

ACCORDINGLY,

**IT IS ORDERED that:**

1. The Motion to Amend (ECF No. 16) is **GRANTED**.

2. Plaintiff must file her proposed Amended Complaint by May 20, 2025.

DATED:  May 16, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge